**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| In re Application of: | ) | |
| | ) | |
| TECHTERYX LTD., | ) | |
| | ) | |
|         Applicant, | ) | Case No. 26-MC-4-R |
| | ) | |
| FOR AN ORDER TO TAKE | ) | |
| DISCOVERY FOR USE IN FOREIGN | ) | |
| PROCEEDINGS PURSUANT TO | ) | |
| 28 U.S.C. § 1782 | ) | |

**DECLARATION OF BENSON LIM IN SUPPORT OF APPLICANT'S**
**<u>APPLICATION PURSUANT TO 28 U.S.C. § 1782</u>**

I, Benson Lim, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of

perjury under the laws of the United States, as follows:

1.      I am an attorney practicing law in Singapore at Sixty Three Law Corporation.

I am admitted to practice law in the courts of Singapore, England and Wales (as a solicitor),

New York, and Washington, D.C.  My business address is 120 Robinson Road, #12-01,

Singapore 068913, Singapore.

2.      I have been retained by Techteryx Ltd. ("Applicant" or "Techteryx") as

counsel in connection with the Singapore court proceedings that Applicant plans to initiate

in the near term in the General Division of the High Court of the Republic of Singapore

(collectively, the "Singapore Litigations"), as described further below.

3.      I submit this declaration (the "Declaration") in support of the application by

the Applicant for discovery from Aria Commodities-USA, LLC ("Aria USA"), Aria

Commodities Americas LLC ("Aria Americas"; together with Aria USA, the "Aria USA

Entities"), and Lane Walker ("Walker"; together with the Aria USA Entities, "Respondents") pursuant to 28 U.S.C. § 1782 (the "Application"). The proposed subpoenas seeking documents and testimony from Respondents (the "Subpoenas") are attached to the accompanying Application as Exhibits 1-6. Capitalized terms used but not otherwise defined in this Declaration shall have the meaning ascribed to them in the Application.

4.     I am advised that the factual background to Applicant's claims in the Singapore Litigations is set out in the declaration of Applicant's Director, Li Jinmei, filed contemporaneously herewith.

5.     Unless otherwise indicated, all facts set forth in this Declaration are based upon (1) my personal knowledge; (2) my review of relevant documents; or (3) information supplied to me by Applicant; Applicant's officers, directors, or employees; or professionals retained by Applicant. To the extent matters stated in this Declaration are statements of legal opinion, such statements represent my view of the laws of Singapore as a practicing advocate and solicitor in Singapore.

6.     To the best of my knowledge, all exhibits attached hereto are true and accurate copies, or true and accurate excerpts of those copies.

## I.     The Singapore Litigations

7.     It is anticipated that Applicant will be commencing the Singapore Litigations against: (1) Singaporean capital market intermediary CGS International Securities Singapore Pte. Ltd. (formerly known as CGS-CIMB Securities (Singapore) Pte. Ltd.) ("CGS"); (2) Singaporean financial institution Overseas-Chinese Banking Corporation

Limited ("OCBC"); (3) Singaporean company Carbon Resilience Pte. Ltd. ("Carbon Resilience"); and (4) Singaporean company Carbon Resilience (Australia) Pte. Ltd. ("Carbon Resilience Australia"). The Singapore Litigations will be brought in the General Division of the High Court of the Republic of Singapore, asserting claims that include: (1) dishonest assistance; (2) knowing receipt; and/or (3) unlawful means conspiracy. Preparation of the respective pleadings against CGS, OCBC, Carbon Resilience, and Carbon Resilience Australia in the Singapore Litigations is underway.

8. Under Singapore law, the four elements of a cause of action for dishonest assistance are as follows: (1) the existence of a trust or fiduciary obligation; (2) a breach of trust or a fiduciary obligation; (3) assistance was rendered for the breach; and (4) the assistance was dishonest. *Miao Weiguo* v. *Tendcare Medical Group Holdings Pte Ltd (formerly known as Tian Jian Hua Xia Medical Group Holdings Pte Ltd) (in judicial management) and Yit Chee Wah (judicial manager of Tendcare Medical Group Holdings Pte Ltd (formerly known as Tian Jian Hua Xia Medical Group Holdings Pte Ltd) (in judicial management))* [2021] SGCA 116, ¶ 45 (a true, correct, and publicly available copy of which is attached hereto as Exhibit 1).

9. Dishonesty is shown if the relevant party has such knowledge of the irregular shortcomings of the transaction that ordinary honest people would consider it to be a breach of standards of honest conduct if they failed to adequately query them. *George Raymond Zage III and another* v. *Ho Chi Kwong and another* [2010] SGCA 4, ¶ 22 (a true, correct, and publicly available copy of which is attached hereto as Exhibit 2).

10.     Further, under Singapore law, the three elements of a cause of action for knowing receipt are as follows: (1) a disposal of the plaintiff's assets in breach of fiduciary duty; (2) the beneficial receipt by the defendant of assets that are traceable as representing the assets of the plaintiff; and (3) knowledge on the part of the defendant that the assets received are traceable to a breach of fiduciary duty. *Id.* ¶ 23.

11.     Lastly, the five elements of a cause of action for unlawful means conspiracy under Singapore law are as follows: (1) there was a combination of two or more persons to do certain acts; (2) the conspirators had the intention to cause damage or injury to the plaintiff by those acts; (3) the acts were unlawful; (4) the acts were performed in furtherance of the agreement; and (5) the plaintiff suffered loss as a result of the conspiracy. *EFT Holdings, Inc and another* v. *Marinteknik Shipbuilders (S) Pte Ltd and another* [2013] SGCA 64, ¶ 112 (a true, correct, and publicly available copy of which is attached hereto as Exhibit 3).

## II.     This Application Will Aid the Court in the Singapore Litigations

12.     In summary, Applicant intends to allege in the Singapore Litigations that TrueCoin, FDT, Finaport, and certain of their employees and representatives (including but not limited to ADL, Chok, and Sukonthabhund) helped the Aria entities and certain of their employees and representatives (including, but not limited to, Brittain and Walker) divert investors' money for unauthorized purposes, arbitrarily shift funds among the Aria entities to suit their own needs, and disregard the Aria entities' corporate formalities. Applicant further alleges that: (1) CGS and OCBC knew or should have known about those practices had they exercised their required due diligence in a proper manner; and

(2) Carbon Resilience and Carbon Resilience Australia knew of those practices, as they are ultimately controlled by Brittain, and carried out acts and omissions in furtherance of the unlawful means conspiracy.  As explained in the Application, Respondents are believed to possess knowledge and/or have custody or control over evidence relevant to Applicant's claims:  specifically, the misappropriation of the TUSD Reserves and the dispersal of those funds across the Aria entities.

13.     For the claims stated in this Declaration, Applicant intends to seek: (1) an accounting from CGS, OCBC, Carbon Resilience and Carbon Resilience Australia, for any and all payments made to them as constructive trustees; (2) an order for payment of the same to Applicant; and (3) such other relief which the Singapore courts are empowered to and may grant to Applicant.

14.     I am advised that Aria USA and Aria Americas are limited liability companies organized under the laws of Kansas with their principal places of business in Edmond, Oklahoma.  I am also advised that Walker resides in Edmond, Oklahoma, at the same address where the Aria USA Entities have their principal places of business. Accordingly, as Respondents are found in this judicial District, the Singapore courts do not have jurisdiction over the Respondents and Applicant also does not anticipate naming Respondents as defendants in the Singapore Litigations.

15.     Therefore, the only way Applicant will be able to obtain discovery from Respondents, which is necessary to support its claims in the Singapore Litigations, is through this Application.

**III.    Singapore Courts Are Receptive to Section 1782 Applications**

16.    The Singapore courts would be receptive to the judicial assistance requested in this Application.   This Application does not circumvent foreign proof-gathering restrictions or contravene public policy under Singapore law.   There is no restriction or prohibition under Singapore law against collecting or using the type of discovery that is sought in this Application.

17.    In general, factual evidence is admissible under Singapore law when the evidence is relevant to the issues in dispute.   Where the evidence is obtained with the assistance of foreign courts, such evidence is generally admissible in Singapore court proceedings provided that the method by which the evidence has been obtained is lawful in the court or courts in which it is obtained.

18.    Singapore courts have generally been willing to admit and accept evidence obtained through foreign court applications such as this Application.

**IV.    This Discovery Is Necessary to Support Applicant's Claims**

19.    Applicant seeks documents and testimony from Respondents that will be used to illustrate: (1) the diversion of the TUSD Reserves; (2) the use of those funds to repay unrelated obligations (such as the Serica Notes and Aria Note) and to provide funding for long term and illiquid investments, such as with Carbon Resilience and Carbon Resilience Australia (the "Carbon Resilience Loans"); and (3) the lack of corporate formalities among the Aria entities.   Specifically, the Requests seek documents and testimony related to (1) the Aria USA Entities' and Walker's involvement with the Serica, Aria, and OCBC Notes; (2) the Aria USA Entities' and Walker's involvement with the

6

Carbon Resilience Loans; (3) the source of funds used to repay the Serica and Aria Notes; (4) the flow of funds (including transfers between the Aria USA Entities and other Aria entities) of the TUSD Reserve investments; (5) the relationship between the Aria USA Entities and the other participants in the fraudulent scheme (*e.g.*, FDT, Legacy, Crossbridge, Finaport, and Glass Door); (6) any payments made by any of the Aria entities to the other participants in the fraudulent scheme; and (7) the corporate structure of the Aria entities involved in the fraudulent scheme.

20.    These discovery requests are highly relevant to the Singapore Litigations. The discovery sought will support Applicant's claims that, had CGS or OCBC conducted the requisite due diligence into the source of funds the Aria entities used to repay the Serica Notes or Aria Note, it would have been apparent that the sources of funds and the transactions were highly suspicious, and the funds were plainly misappropriated from the Aria entities' other clients (*i.e.*, Applicant).  Further, the discovery sought will support Applicant's claims that Carbon Resilience and Carbon Resilience Australia wrongfully, and with intent to injure Applicant, conspired and combined together with other participants in the fraudulent scheme to defraud Applicant, and to conceal such fraud and the proceeds of such fraud from Applicant.  The discovery sought will support Applicant's claims that Carbon Resilience and Carbon Resilience Australia, being ultimately controlled by Brittain, knew that the source of funds they received was ultimately misappropriated from the TUSD Reserves, and that by not reporting these transactions to the relevant authorities and by dishonestly sending these funds onwards to third parties or other participants in the fraudulent scheme, Carbon Resilience and Carbon Resilience Australia's

actions and omissions resulted in Applicant suffering loss and damage. Accordingly, the evidence sought in the Subpoenas is necessary to support Applicant's claims for dishonest assistance, knowing receipt, and unlawful means conspiracy.

This Declaration is made based on my good faith understanding of the facts as of this date, and I reserve all rights to modify or supplement this Declaration.

Date: March 30, 2026
Singapore, Singapore

Benson Lim

NOTARY PUBLIC
Denyse Yeo Su-En
NP2025/0551
1 Oct 2025 – 30 Sep 2026
SINGAPORE

8