**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

In Re Application of TECHTERYX LTD.,    )
    )
          Applicant,    )       MC-26-04-R
    )

## <u>ORDER</u>

Before the Court is the *ex parte* Application of Applicant Techteryx Ltd. for an Order to Conduct Discovery for use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 [Doc. No. 1].[1] Techteryx submitted a memorandum of law and two declarations in support of its application [Doc. Nos. 2, 4, 5]. For the reasons explained below, the Application is granted.

Techteryx seeks this Court's assistance in obtaining documents and testimony from Aria Commodities-USA, LLC, Aria Commodities Americas LLC, and Lane Walker. Respondents Aria USA and Aria Americas are limited liability companies organized under the laws of Kansas with their principal places of business in Edmond, Oklahoma. Respondent Walker is the owner of each entity and resides at the same address in Edmond.

Techteryx represents that it intends to file suit against four Singaporean entities in the General Division of the High Court of the Republic of Singapore for claims arising from "a massive, years-long international fraud through which several interrelated investment fund entities, all of which share the name 'Aria' and are managed or controlled

---

[1] "An ex parte application is an acceptable method for seeking discovery pursuant to section 1782." *In re Risenhoover*, No. CIV-12-0540-D, 2012 WL 5513712, at *1 (W.D. Okla. Nov. 14, 2012).

by Matthew Brittain, defrauded Techteryx." Doc. No. 2, p. 1-2. According to Techteryx, Respondents comprise the U.S. arm of the Aria entities and played integral roles in misappropriating up to $200 million from Techteryx.

"Under 28 U.S.C. § 1782, a district court may order a person residing or found within its district to produce documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege." *In re Risenhoover*, 2012 WL 5513712, at *1. "The threshold statutory requirements of Section 1782(a) are met when '(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a tribunal, and (3) the application is made by a foreign or international tribunal or any interested person.'" *In re Perez Pallares*, No. 10-CV-02528-PAB, 2010 WL 4193072, at *1 (D. Colo. Oct. 20, 2010) (quoting *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 83 (2d Cir. 2004)).

However, "[e]ven if all of the statutory requirements are met, permitting the requested discovery remains within the discretion of the Court." *Westjest Airlines, Ltd. v. Lipsman*, No. 15-MC-00174-MSK-KMT, 2015 WL 7253043, at *2 (D. Colo. Nov. 17, 2015) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004)). "In exercising that discretion, the court should consider the following non-exhaustive factors: (1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) whether the discovery request is 'an

attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the discovery request is 'unduly intrusive or burdensome.'" *In re Risenhoover*, 2012 WL 5513712, at *1 (quoting *Intel,* 542 U.S. at 264-65).

Here, Techteryx's Application satisfies the three statutory requirements. The entities list their principal place of business as an address in Edmond, Oklahoma and Mr. Lane lists the same address as his own. The evidence sought by Techteryx is for use in a foreign proceeding before a foreign tribunal and, although the proceeding has not yet started, it is within reasonable contemplation. *See Intel*, 542 U.S. at 258 ("Section 1782(a) does not limit the provision of judicial assistance to 'pending' adjudicative proceedings."). Last, Techteryx is an interested party because it is the claimant in the foreign proceeding.

Additionally, the discretionary factors weigh in favor of granting the application. Techteryx indicates that it does not anticipate naming Respondents as defendants in the foreign proceeding, there is no indication that the Singapore court is not receptive to U.S. judicial assistance, and there is no indication that Techteryx is seeking to circumvent foreign evidence gathering-rules. *See In re Sri Trang Gloves (Thailand) Pub. Co. Ltd.,* No. 25-MC-325 (JAV), 2025 WL 2411137, at *2 (S.D.N.Y. Aug. 20, 2025). As to the final factor, the Court does not find that the requested discovery is unduly intrusive or burdensome in light of the allegations outlined in Techteryx's Application. However, if Respondents disagree, they may seek modification of the requests through the appropriate discovery practices and motions.

Accordingly, the Application of Applicant Techteryx Ltd. for an Order to Conduct Discovery for use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 [Doc. No. 1] is GRANTED. Applicant is permitted to issue the subpoenas attached to its Application.

Applicant's Motion for Hearing on its Application [Doc. No. 9] is denied as moot.

IT IS SO ORDERED this 10th day of April, 2026.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE