**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

In Re Application of TECHTERYX LTD.,    )
                                      )
            Applicant,           )         MC-26-04-R
                                        )

## ORDER

Before the Court is Respondents' Motion to Vacate Ex Parte Order or Quash Subpoenas [Doc. No. 24], which is fully briefed [Doc. Nos. 29, 30, 31, 36] and at issue.

In a prior order [Doc. No. 12], the Court granted Techteryx's ex parte Application [Doc. No. 1] seeking an order to conduct discovery for use in a foreign proceeding pursuant to 28 U.S.C. § 1782. As explained in that order, Techteryx represents that it intends to file suit against four Singaporean entities in the General Division of the High Court of the Republic of Singapore for claims arising from a years-long international fraud. Techteryx seeks discovery from Respondents (Aria Commodities-USA, LLC, Aria Commodities Americas LLC, and Lane Walker) because they allegedly played integral roles in the fraud. Respondents now seek to vacate the prior order, contending that the jurisdictional requirements set out in § 1782 are not satisfied and, additionally, the discretionary factors weigh against permitting the discovery.[1]

"Under 28 U.S.C. § 1782, a district court may order a person residing or found within its district to produce documents or testimony for use in a foreign legal proceeding,

---

[1] Respondents opening brief also argued that the subpoenas should be quashed for improper service. However, in their reply brief, they concede that any defects in the service have now been cured.

unless the disclosure would violate a legal privilege." *In re Risenhoover*, 2012 WL 5513712, at *1. "The threshold statutory requirements of Section 1782(a) are met when '(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a tribunal, and (3) the application is made by a foreign or international tribunal or any interested person.'" *In re Perez Pallares*, No. 10-CV-02528-PAB, 2010 WL 4193072, at *1 (D. Colo. Oct. 20, 2010) (quoting *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 83 (2d Cir. 2004). Respondents concede that the first and third requirements are met but argue that Techteryx has not met its burden of showing that the discovery is for use in a foreign proceeding because the filing of an action in Singapore is nothing more than speculation.

In *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 258-59 (2004), the Supreme Court held that § 1782 is not limited to "pending" or "imminent" proceedings and "requires only that a dispositive ruling…be within reasonable contemplation." To establish that a proceeding is within reasonable contemplation, "the applicant must have more than a subjective intent to undertake some legal action, and instead must provide some objective indicium that the action is being contemplated." *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 100 (2d Cir. 2020) (quotation marks omitted). Simply retaining counsel and alleging "the *possibility* of initiating litigation" is generally not sufficient to make this showing. *Id.* (quotation marks omitted). "The future proceedings must be more than speculative [], and a district court must insist on reliable indications of the likelihood that proceedings will be instituted within a reasonable time." *Application of Consorcio*

*Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc*., 747 F.3d 1262, 1270 (11th Cir. 2014) (quotation marks omitted). This ensures that § 1782 will "not be used to enable a fishing expedition, whereby the petitioner uses the discovery process in a blind effort to find damaging evidence to be used against an adversary without any specific underlying legal claims or theory of liability." *Sandra Holding Ltd. v. Al Saleh*, No. 18-MC-91406-PBS, 2019 WL 3072197, at *2 (D. Mass. July 15, 2019).

Here, Techteryx's Singaporean counsel submitted a sworn affidavit [Doc. No. 4] identifying the claims, defendants, and relief sought in the Singaporean action. The affidavit explains how the discovery from Respondents will inform the elements of the claims and attests that preparation of the pleadings in the Singapore litigation is underway. These unrebutted representations are sufficiently concrete to show that the future proceeding is more than speculation. *See Bravo Express Corp. v. Total Petrochemicals & Ref. U.S.,* 613 F. App'x 319, 323 (5th Cir. 2015) (finding future proceeding within reasonable contemplation where counsel provided a sworn affidavit laying out the facts giving rise to the claim and stating that the action will be imminently filed); *JAS Forwarding*, 747 F.3d at 1271 (finding future proceeding within reasonable contemplation where applicant provided "facially legitimate and detailed explanation of its ongoing investigation" and a sworn affidavit stating that it "contemplates bringing a civil action").

Respondents' arguments to the contrary are not persuasive. First, Respondents argue that the Singapore action is merely speculative because Techteryx has delayed initiating the action despite being aware of the underlying facts since at least 2023. However, Techteryx has explained that it did not discover the involvement of the Singaporean entities

until 2025 and a portion of the evidence it needed to pursue its claims was not available until 2026. Further, as even Respondents acknowledge, properly investigating claims can take significant time and effort, particularly given the complexity and international scope of the fraud alleged here. *See Bravo Express*, 613 Fed. Appx. at 322-323 (finding that seven-year delay between underlying events and § 1782 application does not preclude finding that the statutory requirements were satisfied where much of the delay was spent gathering evidence).

Second, Respondents argue that Techteryx's involvement in numerous foreign and domestic proceedings related to the alleged fraud raise doubts about whether Techteryx intends to use the requested discovery only in the Singapore litigation. As an initial matter, Techteryx's relentless pursuit of its claims in other legal forums supports, rather than undermines, Techteryx's assertion that it intends to file suit in Singapore. In any event, the mere fact that Techteryx is involved in other legal proceedings does not, on its own, support the inference that Techteryx intends to improperly use the discovery materials sought in this action.

Although Techteryx has established that the three jurisdictional requirements set out in § 1782 are satisfied, the Court nevertheless "retains discretion to determine what discovery, if any, should be permitted." *In re Risenhoover,* 2012 WL 5513712, at *1 (citing *Intel*, 542 U.S. at 264). In *Intel*, the Supreme Court identified the following factors that courts should consider when exercising this discretion: "(1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of

the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) whether the discovery request is 'an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the discovery request is 'unduly intrusive or burdensome.'" *Id.* (quoting *Intel*, 542 U.S. at 264-65).

As the first factor, Respondents argue that, given the claims involved in the Singapore action, Techteryx will likely need to include Respondents as parties. This speculative assertion is not sufficient to rebut the sworn affidavit of Techteryx's Singaporean counsel, which states that the Singapore courts do not have jurisdiction over Respondents. This factor therefore weighs in favor of allowing the discovery.

Respondents concede that the second factor also favors Techteryx's position but argue that the third factor supports denial of the discovery because Techteryx has already demonstrated a willingness to circumvent the proof-gathering restrictions of another court. More specifically, Respondents contend that Techteryx violated a protective order issued by a foreign court when it included certain documents as exhibits in its Application. However, Techteryx's response brief includes an amended order from that court authorizing the use of the material. Beyond this, Respondents have not made any showing that the discovery Techteryx seeks in this action "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."

*Intel*, 542 U.S. at 265.[2] The second and third factors therefore also weigh in favor of allowing the discovery.

The fourth factor considers whether the discovery request is unduly intrusive or burdensome. Respondents contend that this factor weighs strongly in their favor because the discovery requests include an overly broad time frame, utilize omnibus phrases like "all documents" that "concern or relate to," and seek duplicative information that is already in Techteryx's possession. While there might be some force to Respondents' argument that certain requests are overly broad or not sufficiently tailored, the Court is not persuaded that the requests are so burdensome or intrusive that the Application should be denied outright. In sum, the Court finds that the discretionary factors weigh in favor of allowing the requested discovery.

As a final matter, Respondents contend that the subpoenas should be quashed pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iv), which provides that a court must quash a subpoena that subjects a person to undue burden. But this argument is not yet proper because Respondents have not certified compliance with LCvR 37.1, which requires counsel to personally meet and confer in a good faith attempt to resolve any disputes before bringing a discovery motion.

---

[2] In their reply brief, Respondents argue for the first time that Singapore permits non-party and pre-litigation discovery and Techteryx's § 1782 Application is an attempt to circumvent these more stringent standards. Putting aside the fact that arguments raised for the first time in a reply brief are generally waived, *see Reedy v. Werholtz,* 660 F.3d 1270, 1274 (10th Cir. 2011), Respondents have failed to explain how Singapore's discovery procedures could be used to compel any action from three non-parties that reside in the United States. Further, "courts have rejected the notion that a petitioner is required to seek discovery through the foreign tribunal before filing a Section 1782 petition." *Salt Mobile S.A. v. Liberty Glob. Inc*., No. 20-MC-00153-CMA, 2021 WL 2375864, at *4 (D. Colo. June 10, 2021).

Accordingly, Respondents' Motion to Vacate Ex Parte Order or Quash Subpoenas [Doc. No. 24] is denied. To the extent there are disputes about the breadth or burdensomeness of specific discovery requests, counsel shall meet pursuant to LCvR 37.1 in a good faith attempt to resolve or narrow those disputes.

IT IS SO ORDERED this 27th day of July, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE